LEONORA H. WERNER, Respondent, *v.* CHARLES J. WERNER, Appellant.

First Department, March 23, 1923.

**Husband and wife — divorce — alimony and counsel fee denied for failure to show reasonable grounds for commencing action — separation pendente lite denied.**

Alimony and counsel fee will not be granted in an action for divorce, where the plaintiff fails to exhibit evidence tending to show that there were reasonable grounds for her commencing the action, and that there is a reasonable probability that she will succeed in establishing her charges.

The court has no power in a divorce action to grant a separation *pendente lite.*

APPEAL by the defendant, Charles J. Werner, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of December, 1922, granting plaintiff's motion for alimony and counsel fee, for custody of the children, and for permission to live separate and apart from the defendant during the pendency of the action.

*Nathaniel A. Elsberg* [*Francis Woodbridge* with him on the brief], for the appellant.

*Gilbert & Gilbert* [*A. S. Gilbert* of counsel; *Godfrey Cohen* with him on the brief], for the respondent.

PAGE, J.:

The action is for an absolute divorce. In her complaint the plaintiff names four women as corespondents. Two of them made affidavits denying in the strongest terms that there was the slightest impropriety in their conduct with the defendant, and stating that they intend to defend the action. The other two are non-residents of this State, one living in St. Louis, Mo., and the other in Salt

Lake City, Utah; and neither of them had knowledge of the charge against them at the time the motion was made. The defendant in his answer and affidavits has specifically denied the allegations of the complaint and the charges contained in the affidavits supporting the motion. The latter affidavits show only that at various times the defendant called upon these women in their homes. No conduct either of the defendant or the women mentioned is stated that tends to show any inclination or disposition to illicit intercourse.

One circumstance is stated in the affidavit of a chauffeur, tending to show undue familiarity with an unnamed woman. But it was demonstrated that it was physically impossible for him to have seen the occurrence in the manner he stated he had observed it.

In my opinion the plaintiff has not exhibited evidence tending to show that there were reasonable grounds for her commencing the action, and that there was a reasonable probability that she might succeed in establishing her charges. Counsel fee and alimony should not have been allowed. (*Schweig* v. *Schweig, No. 1,* 122 App. Div. 786; *De Vide* v. *De Vide,* 186 id. 814, 815.)

These parties are of full age and are not in any sense wards of the court. The court is not called upon to regulate their manner of life and has no power to grant a separation *pendente lite.*

The order should be reversed and the motion denied.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed, without costs, and motion denied.